1
2
3                          UNITED STATES DISTRICT COURT
4                                 DISTRICT OF NEVADA
5                                          * * *
6   Jessica Brown,                                  Case No. 2:24-cv-00461-CDS-BNW
7                     Plaintiff,
                                                    **ORDER**
8          v.
9   FMWCC,
10                    Defendants.
11

12   Pro se plaintiff Jessica Brown filed documents initiating this case on March 5, 2024. (ECF
13  No. 1.) Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to
14  prepay fees or costs or give security for them. Accordingly, the court will grant her request to
15  proceed *in forma pauperis*. The court now screens Plaintiff's complaint.

16  **I.    ANALYSIS**

17       **A.  Screening standard**

18       Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint
19  under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims
20  and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be
21  granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.
22  § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard
23  for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668
24  F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient
25  factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*
26  *v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only
27  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of
28

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the Complaint

It appears Plaintiff intends to sue the Law Library at Florence McClure Women's Correctional Center.[1] Her complaint is divided into three claims: "5th Amendment," "ADA violation," and "Retaliation." But the Court cannot make sense of the allegations that correspond to each of these claims. Even liberally construing Plaintiff's complaint, the Court is unable to determine exactly what claims Plaintiff is attempting to allege and cannot evaluate whether Plaintiff states any claims for relief. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend.

### C. Instructions for Amendment

Plaintiff is advised that all defendants must be identified in the caption of the pleading and that she must specify which claims she is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, she must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

---

[1] The Court expresses no opinion—at this juncture—as to whether Plaintiff has named a proper defendant.

Plaintiff is also advised that if she chooses to file an amended complaint, the original complaint no longer serves any function in this case. As such, if she files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS ORDERED** that Plaintiff's complaint be dismissed with leave to amend. The amended complaint, should Plaintiff choose to file one, will be due no later than April 8, 2024. Failure to file an amended complaint may result in the dismissal of this action.

DATED: March 7, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE